191 N.J. Super. 564 (1983)
468 A.2d 448
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
RASHID HASEEN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 2, 1983.
Decided November 16, 1983.
*565 Before Judges MATTHEWS, J.H. COLEMAN and GAULKIN.
George L. Schneider, Prosecutor of Essex County, attorney for appellant (Marc J. Friedman, Assistant Prosecutor, of counsel, and on the letter brief).
Love & Randall, attorneys for respondent (Harold W. Fullilove, of counsel, and on the letter brief).
The opinion of the court was delivered by COLEMAN, J.A.D.
The issue raised by this appeal is whether bifurcated trials are required when defendant voluntarily raises inconsistent defenses of insanity and alibi. We hold that separate trials are not required.
Defendant was indicted by the Essex County Grand Jury for third degree burglary, contrary to N.J.S.A. 2C:18-2 (Count One), *566 second degree aggravated assault, contrary to N.J.S.A. 2C:12-1 b(1) (Count Two) and first degree robbery, contrary to N.J.S.A. 2C:15-1 (Count Three). Before trial, he served a notice of intention to rely on insanity defense and a notice of alibi. See R. 3:11; R. 3:12. The notice of alibi gave the names of two witnesses who were prepared to testify that they were with defendant at other locations at the time the crimes occurred. Defendant then filed a pretrial motion for a bifurcated trial of the two defenses. The motion to bifurcate was granted. We granted the State leave to appeal. We now reverse the order for bifurcation.
The trial judge mistakenly read State v. Khan, 175 N.J. Super. 72 (App.Div. 1980), as requiring bifurcation. The defendant in Khan was accused of murder and possession of pistols without permits. His defense was self-defense. Although Khan was adjudged competent to stand trial, the trial judge, over Khan's objection, appointed a second attorney to present on Khan's behalf an insanity defense based on the unanimous medical opinion that Khan suffered from paranoid delusions.
Khan is to be distinguished from this case. In Khan the defendant's dilemma was imposed on him by the judge rather than as the result of his own tactical choices. Even though defendant can be compelled to make a hard tactical choice without violating his constitutional rights, see State v. Forcella, 52 N.J. 263, 288-290 (1968), rev'd other grounds sub. nom. Funicello v. New Jersey, 403 U.S. 948, 91 S.Ct. 2278, 29 L.Ed.2d 859 (1971); and N.J.S.A. 2C:4-10, the choice must be that of defendant rather than one imposed upon by him the court. Here, the hard choice is of defendant's own making. That choice may be a difficult one involving trial strategy as it does, but "[t]he criminal process, like the rest of the legal system, is replete with situations requiring `the making of difficult judgments' as to which course to follow. McMann v. Richardson, 397 U.S. [759], at 769 [90 S.Ct. 1441 at 1448], 25 L.Ed.2d [763], at 772." McGautha v. California, 402 U.S. 183, 213, 91 S.Ct. 1454, 1470, 28 L.Ed.2d 711, 729 (1971).
*567 For a more exhaustive analysis of whether bifurcation is required when defendant raises inconsistent defenses, see D. Louisell & G. Hazard, "Insanity as a Defense: The Bifurcated Trial," 49 Calif.L.Rev. 805 (1961); Note, "Due Process and Bifurcated Trials: A Double-Edged Sword," 66 Nw.U.L.Rev. 327 (1971); "Necessity or Propriety of Bifurcated Criminal Trial on Issue of Insanity Defense," 1 A.L.R. 4th 884 (1980). The overwhelming majority of jurisdictions that have ruled on the subject have concluded that bifurcated trials are not required when defendant creates the hard choice.
A single trial is preferable because it conserves judicial resources and avoids the inherent unfairness of giving the accused two bites at the apple of acquittal. As was said in State v. Levier, 226 Kan. 461, 601 P.2d 1116, 1119 (1979), "By trying all issues together, time and expense to both parties is conserved, and the single jury is given the entire picture."
The order for bifurcation is therefore reversed. The matter is remanded to the Law Division for a single trial on the indictment.